# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,
        Petitioner,

    v.                                     Case No. 24-cv-1208

BRIAN CAHAK, Warden,
        Respondent.

## DECISION AND ORDER

On February 25, 2026, I entered a decision and order denying Antonio Darnell Mays's petition for a writ of habeas corpus. Mays now moves for reconsideration of that decision. For the reasons that follow, Mays's motion is denied.

As I explained, all of Mays's remaining grounds for relief were procedurally defaulted because the state courts never reached the merits of his federal claims. Rather, the state circuit court dismissed Mays's collateral motion for postconviction relief on "independent and adequate state law ground[s]." *Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009). The state court found that Mays had failed to show a "sufficient reason" for not raising his new arguments in his first postconviction motion. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994); *State v. Romero-Georgana*, 2014 WI 83, ¶ 46, 849 N.W.2d 668. The state court denied his motion without a hearing because it failed to satisfy the *Allen* pleading standard. *See State v. Allen*, 2004 WI 106, ¶¶ 14–15, 682 N.W.2d 433. This reasoning was affirmed by the Wisconsin Court of Appeals.

The rules set forth in *Escalona-Naranjo*, *Romero-Georgana*, and *Allen* are all considered independent of federal law and adequate to support a state criminal conviction. *Garcia v. Cromwell*, 28 F.4th 764, 773 (7th Cir. 2022). Therefore, the default

could only be excused if Mays showed "cause for and prejudice from" the default. *Id.* at 776. In this motion, Mays argues that I made "errors of fact and law" in my decision by failing to find "cause for" default, and for failing to find that Mays is probably "actually innocent." *See Schlup v. Delo*, 513 U.S. 298, 324–26 (1995).

Mays argues that he has shown "cause" for default because his postconviction counsel was ineffective by failing to include Mays's habeas grounds in his original postconviction motion. ECF No. 18 at 2. Ineffective assistance of counsel may suffice as cause for procedural default. *Morrison v. Duckworth*, 898 F.2d. 1298, 1300 (7th Cir. 1990). However, to be used in showing "cause" for default in a federal habeas case, it must be first presented to the state courts like any other habeas ground. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." (emphasis in original)). Mays never did this, and he would almost certainly have failed if he tried: "error by counsel in the first round of postconviction proceedings cannot serve as cause to excuse [petitioner's] *own* default in the second." *Garcia*, 28 F.4th at 775 (emphasis in original). Mays drafted and filed his collateral postconviction motion *pro se*, so he cannot blame counsel for it being dismissed under the *Allen* state law procedural rule. Beyond that, Mays identified no other factor that could constitute "sufficient reason" under *Escalona-Naranjo*.

Even if Mays had shown cause for default, he would likely fail to show prejudice. Like in state court, Mays did not attempt to show that his first postconviction counsel was

ineffective. To establish ineffective assistance of appellate[1] counsel, Mays would have needed to show that his appellate counsel failed to raise an issue that was "clearly stronger" than the issues actually raised. *Makiel v. Butler*, 782 F.3d 882, 886 (7th Cir. 2015). But Mays has refused to directly address the glaring and fatal flaw in his collateral postconviction proceedings: his original postconviction argument was strong. It was ultimately unsuccessful, but it resulted in a published Court of Appeals decision and his petition for review received votes from two Wisconsin Supreme Court justices. *See State v. Mays*, 2022 WI App 24, 975 N.W.2d 649.

By contrast, Mays's new arguments seem dubious at a glance. None of them were preserved in the trial court, so his counsel would have needed to first establish a Sixth Amendment violation under *Strickland*—showing both deficiency *and* prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). This would have been no easy task given the many sources of evidence at trial pointing to Mays's guilt. But assuming it could be done, the merits of the arguments would have been difficult as well. It would certainly violate the Due Process Clause for a prosecutor to knowingly destroy exculpatory evidence, fabricate inculpatory evidence, and elicit false testimony from witnesses, as Mays alleges. But Mays has not shown that he has any way of proving any of the malpractice he alleges.

For example, Mays argued that prosecutor Ada Kolberg "gave false testimony when she stated that Romale Richardson had shot [me], when Ada Kolberg never had

---

[1] There is no meaningful distinction between legal representation given in a Wis. Stat. § 974.02 postconviction proceeding and in a direct appeal proceeding. Both are essentially appellate representation. *See Lee-Kendrick v. Eckstein*, 38 F.4th 581, 586 (7th Cir. 2022) ("[A]lthough an ineffective assistance of counsel motion under § 974.02 is part of the postconviction process, it is not a collateral proceeding. Rather, it is part of a direct appeal.").

any evidences to back these statements up . . . [t]here's no physical or circumstantial evidences to say that RR had shot me . . . therefore Ada Kolberg had provided false and inaccurate information to the jurors at trial." ECF No. 13 at 8. Mays's entire petition is full of this sort of conclusory logic—the prosecutors lied because they argued that Mays was guilty without evidence to back it up. But the state offered many types of circumstantial evidence—DNA linked to Mays, bullets linked to guns owned by Mays, witness testimony by Jones observing Mays walking into the apartment, and witness testimony from people playing dice suggesting a potential motive for the shooting. The jury was free to consider all admitted evidence, weigh the credibility of the evidence, and make reasonable inferences from that evidence.

Given these hurdles, it would be hard to fault Mays's postconviction counsel for pursuing the argument he did rather than waste limited pages arguing other tenuous theories. Therefore, Mays would not likely have been able to show "sufficient reason" under *Escalona-Naranjo*, and so did not establish prejudice from his procedural default.

The rest of Mays's motion is devoted to arguing that he is "actually innocent" and should therefore be excused from his procedural default. To do so, he needed to have shown "new reliable evidence" that the grounds in his petition "probably resulted" in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 324–26 (1995). That evidence may consist of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. This relief is reserved for "extraordinary" cases and the petitioner's burden is higher than that needed to show prejudice under *Strickland. U.S. ex rel. Bell v. Pierson*, 267 F.3d 544, 552 (7th Cir. 2001). The new evidence must be so compelling that it is more likely

than not that "no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. To receive this rare form of relief, Mays needed to show "actual innocence" rather than mere "legal innocence." *Spreitzer v. Schomig*, 219 F.3d 639, 648 (7th Cir. 2000) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Mays did not meet this standard because none of his arguments contain new reliable evidence. He argues that the prosecutor and witnesses knowingly lied at trial, but provides no new evidence proving they lied. He argues that the state "used up" the DNA evidence by testing it, but destroyed evidence that is "potentially exculpatory" only violates due process if the defendant can show that the police acted in bad faith. *Arizona v. Youngblood*, 488 U.S. 51, 48 (1988). Mays provides no new evidence that the police intentionally "used up" the DNA evidence to prevent him from accessing it. Rather, it was probably used up because the state used a testing method that is necessarily destructive. In light of all the evidence—the DNA, the guns and bullets, the witnesses, and Mays's uncorroborated alibi—I am not convinced that Mays is actually innocent, or that no reasonable juror could not have convicted him had these arguments been presented at trial.

For these reasons, **IT IS ORDERED** that Mays's motion for reconsideration (ECF No. 18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2026.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

5